MELINDA HAAG (CABN 132612)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

PATRICIA SPALETTA (CABN 156788)
Special Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 522-6031
Facsimile: (415) 436-7234
E-Mail: Patricia.Spaletta@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> JOSE EFRAIN ELVIR-SEVILLA, ) <br>    a/k/a Julio Vanegas, ) <br>    a/k/a Antonio Venega-Sabilla, ) <br>    a/k/a Justa Ramira, ) <br> ) <br> Defendant. ) | No. CR 10-00566 WHA <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Court: Hon. William H. Alsup <br> Date: October 26, 2010 <br> Time: 2:00 p.m. |

## INTRODUCTION

The defendant stands before this Court to be sentenced on his *second* conviction for Illegal Reentry by an Alien After Deportation, in violation of 8 U.S.C. § 1326.  The United States submits this sentencing memorandum seeking a sentence of *46 months* imprisonment, three years of supervised release, and a $100 special assessment.  The recommended sentence is reasonable, in view of his criminal history relating to drug trafficking and multiple immigration violations.  The Court should impose a low-end Guidelines sentence, which will serve to deter the defendant from future criminal conduct in the United States and protect the public.  This sentence is

sufficient, but not greater than necessary, to achieve the sentencing goals of 18 U.S.C. § 3553(a).

## DISCUSSION

The defendant pleaded guilty to the single-count indictment in this case charging a violation of 8 U.S.C. § 1326. The parties did not enter into a plea agreement. The Amended Presentence Investigation Report ("PSR") prepared by U.S. Probation correctly calculates the adjusted offense level as 17,[1] and the criminal history category as V,[2] with a resulting Sentencing Guidelines range of 46-57 months imprisonment. PSR ¶¶ 14-34. The United States agrees with U.S. Probation that there are no factors in this case that would warrant either a downward departure or variance. PSR ¶ 57. The United States submits that a low-end Guideline sentence of 46 months is a reasonable sentence, and will achieve all of the goals of sentencing.

## ARGUMENT

**A Sentence of 46 Months -- the Low-End of the Applicable Guidelines Range -- Is A Reasonable Sentence, Given the Defendant's Criminal History of Drug Trafficking and Multiple Immigration Violations.**

In sentencing defendant, this Court must consider all of the directives set forth in 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220 (2005). "The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than necessary" to achieve the goals of section 3553(a)." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotations omitted). Those goals include the need:

- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- to afford adequate deterrence to criminal conduct;
- to protect the public from further crimes of the defendant; and
- to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

---

[1] The adjusted offense level includes an additional one-level decrease for acceptance of responsibility. U.S.S.G. § 3E1.1(b). The United States hereby moves for the reduction. The defendant's timely notification of his intent to enter a plea of guilty permitted the government to avoid trial preparation and also thus permitted the Court to allocate its resources efficiently.

[2] The defendant's criminal history category includes two "recency" points under U.S.S.G. § 4A1.1(e). Although the United States Sentencing Commission has voted to delete this provision, it will still be in effect at the time the defendant is to be sentenced. Therefore, the Court should count the two "recency" points in his case.

U.S. v. EFRAIN ELVIR-SEVILLA, CR 10-00566
UNITED STATES' SENTENCING MEMORANDUM   2

18 U.S.C. § 3553(a)(2).  Section 3553(a) directs the court to consider a number of additional factors, including:

- the nature and circumstances of the offense, § 3553(a)(1);
- the history and characteristics of the defendant, § 3553(a)(1);
- the kinds of sentences available, § 3553(a)(3);
- the sentencing guideline range, § 3553(a)(4);
- pertinent Sentencing Commission policy statements, § 3553(a)(5);
- the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and
- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"All sentencing proceedings are to begin by determining the applicable Guidelines range." *United States v. Carty*, 520 F.3d at 991.  A sentence within the relevant Guidelines range may not be presumed reasonable.  *Carty*, 520 F.3d at 993; *United States v. Nelson*, 129 S.Ct. 890, 891 (2009).  However, while no presumption may attach, a within-Guidelines sentence "will usually be reasonable."  *Carty*, 520 F.3d at 993-94.

For the following reasons, a sentence of 46 months imprisonment, followed by three years of supervised release, appropriately addresses all of the relevant § 3553(a) factors.

First, in considering the nature and circumstances of the offense, the defendant has been removed from the United States at least *four* times. PSR ¶ 6.[3]  Because defendant's removal was subsequent to an aggravated felony drug trafficking offense, he appropriately warrants the 12-level enhancement under the Guidelines. PSR ¶ 15.  The defendant's illegal returns to the United States after having been convicted of a serious drug crime is a factor the Court should consider in assessing a reasonable sentence.  Moreover, the defendant has sustained *two* prior convictions relating to illegal re-entry.  In 2002, the defendant was convicted of violating 8 U.S.C. § 1325 and sentenced to six months imprisonment, and in 2006, the defendant was convicted of violating 8

---

[3] Information contained in the defendant's immigration file reflects that he has been removed at least four times: November 7, 2001, August 2003, March 30, 2007, and November 19, 2009.  The defendant admitted in a sworn statement that he has been removed four times, and there is other reliable evidence in his immigration file to establish, by a preponderance of the evidence, four removals.  U.S. Probation refers to additional removals of the defendant based on a conversation with an ICE officer.  However, at this time, the undersigned has insufficient information regarding the additional dates of removal cited by U.S. Probation, so the undersigned has made a request of ICE to further investigate whether the defendant has been removed more than four times.

U.S.C. § 1326 and sentenced to 12 months and one day imprisonment.  PSR ¶¶ 28, 30.  Despite his two prior convictions for immigration violations for which he received prison sentences, the defendant has been undeterred from re-entering the United States illegally.  A longer sentence of 46 months is needed to impress upon the defendant that the criminal and immigration laws of the United States are not to be disregarded and is necessary to deter him from returning to the United States without the requisite permission.

Second, in considering the history and characteristics of the defendant, the defendant has a criminal history of drug trafficking in heroine and cocaine.  To this end, he has three felony drug convictions, including an aggravated felony drug trafficking offense.  He has several other drug-related arrests.  As discussed above, the defendant has one felony illegal re-entry conviction, and a misdemeanor illegal entry conviction.  Following his illegal re-entries, he committed the drug offenses.  PSR ¶ 29, 31,33-36.  For example, following his illegal re-entry conviction in July 2006 and removal in March 2007, the defendant illegally re-entered and committed yet another drug offense in June 2009. PSR ¶ 31. Even after his most recent removal in November 2009, the defendant illegally re-entered in March 2010 and was subsequently found in San Francisco County jail after having been arrested for yet another drug trafficking offense.  PSR ¶ 39.   As the defendant's conduct has shown, he has been undeterred by his state and federal sentences, and his motivation to return to the United States illegally and to commit new drug offenses is unwavering.

The United States believes that a 46 month sentence is reasonable and just punishment in this particular case, given the defendant's recidivist nature to return illegally, his serious drug history, and his blatant disregard for the laws of the United States.  A low-end Guideline sentence of 46 months should appropriately deter the defendant from illegally re-entering the United States to commit more offenses and protect the public from the defendant.

Lastly, and to his credit, the Defendant has fully accepted responsibility for his conduct in this case.  The adjusted offense level, which includes a three-level downward departure, sufficiently accounts for his acceptance of responsibility and a sentence at the low end of the Guidelines range also acknowledges his resolution of the charge against him.

**CONCLUSION**

For the reasons stated, in full consideration of the defendant's history and characteristics together with the other goals of sentencing, the United States respectfully requests that the Court sentence the defendant to 46 months imprisonment, followed by three years of supervised release, and a $100 special assessment. Such a sentence adequately accounts for all of the relevant considerations and is sufficient, but not greater than necessary, to achieve the goals of sentencing.

Dated: October 18, 2010

Respectfully submitted,

MELINDA HAAG
United States Attorney

_____/s/_____
PATRICIA SPALETTA
Special Assistant United States Attorney

U.S. v. EFRAIN ELVIR-SEVILLA, CR 10-00566
UNITED STATES' SENTENCING MEMORANDUM  5